THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EYE CARE OF SNOHOMISH, INC., | No. 2:12-cv-00203-JCC |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| CHEMAT TECHNOLOGY, INC., d/b/a CHEMALUX, INC., | |
| Defendant. | |

The Court, having reviewed the Stipulation for a Protective Order filed by the parties to this action (the "Parties") on August 8, 2012 (Dkt. No. 25), and being fully advised in the premises, and finding that grounds exist for entry of a protective order under Federal Rule of Civil Procedure 26(c), now, therefore, it is

ORDERED that the following Stipulated Protective Order shall apply to documents and information produced or disclosed in this case:

**I.   DEFINITIONS AND PROCEDURE**

**1.   Definitions**

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

STIPULATED PROTECTIVE ORDER (NO. 2:12-CV-00203-JCC) – 1

"Material" means any document or information produced, disclosed, served, or otherwise provided in this action by a Party or non-party in accordance with applicable discovery rules or by agreement, including, without limitation, documents and information provided in discovery, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations.

"Confidential Material" means any Material containing sensitive proprietary information.

"Confidential/Restricted Material" means any Material that would cause severe competitive damage if it were to be disclosed to other persons, including, without limitation, material containing highly sensitive proprietary, financial, or trade secret information, marketing plans, customer lists, and similar materials.

"Designated Material" means all Material designated as Confidential Material or Confidential/Restricted Material by a Party or a non-party.

"Designating Party" means a Party or non-party who designates Material as Confidential Material or Confidential/Restricted Material and thereafter produces said Designated Material to a Receiving Party.

"Receiving Party" means a Party or non-party who receives Designated Material from a Designating Party.

**2.  Confidential Material**

A Party or non-party may designate any Material as Confidential Material, by stamping, labeling, or other appropriate means, provided the Party or non-party has a good-faith belief that the Material falls within the definition of Confidential Material, above.

**3.  Access to Confidential Material**

Confidential Material so designated, and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this litigation:

    **a.**  The Parties and their officers, directors, employees and representatives who have need for such information for purposes of this litigation;

[PROPOSED] STIPULATED PROTECTIVE
ORDER (NO. 2:12-CV-00203-JCC) – 2

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

    **b.**    Outside counsel for the Parties and their employees necessarily involved in the conduct of this litigation;

    **c.**    Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

    **d.**    During deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness;

    **e.**    Any person who is familiar with such information from some context other than the litigation itself;

    **f.**    The Court, jury, court personnel, court reporters, and similar personnel; or

    **g.**    Any other person with the prior written consent of the Designating Party.

**4.**    **Confidential/Restricted Material**

A Party or non-party may designate any Material as Confidential/Restricted Material, by stamping, labeling, or other appropriate means, provided the Party or non-party has a good-faith belief that the Material falls within the definition of Confidential/Restricted Material, above.

**5.**    **Access to Confidential/Restricted Material**

Confidential/Restricted Material so designated, and information derived therefrom, shall be subject to the same protections as provided for Confidential Material.

In addition, Confidential/Restricted Material may not be shown to or used by persons described in § I.3(a) or § I.3(d) without prior written consent by the Designating Party.

**6.**    **Time for Making Designations**

Designation of Material as Confidential Material or Confidential/Restricted Material must be made before a copy of the Material is produced.

An inadvertent failure to designate Material as Confidential Material or Confidential/Restricted Material does not, standing alone, waive the Designating Party's right to secure protection for such Material. Upon discovery of an inadvertent failure to designate Material, as soon as reasonably possible a Designating Party may notify a Receiving Party in writing that certain Material is to be designated as Confidential Material or Confidential/Restricted Material. The Designating Party's written notice shall include the factual

[PROPOSED] STIPULATED PROTECTIVE ORDER (NO. 2:12-CV-00203-JCC) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

82544-0001/LEGAL24106510.1

basis for the assertion of the desired designation. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Stipulation for a Protective Order, subject to the right to challenge the propriety of such designation(s).

In the case of deposition transcript pages, a Designating Party must state on the record that the testimony is Confidential Material or Confidential/Restricted Material, or must advise opposing counsel of the specific pages to be maintained in confidence within 20 days after receipt of the transcript of the deposition.

## II.     CONSENT TO BE BOUND

**1.     Notice of Order**

Prior to receiving, being shown or using Confidential Material or Confidential/Restricted Material, persons identified in § I.3 above, other than § I.3(b) and § I.3(f), shall be shown a copy of this Stipulated Protective Order, and shall agree to abide by the Stipulated Protective Order by signing the Undertaking attached hereto as Exhibit A, or shall agree to abide by the Stipulated Protective Order orally on the record during deposition or trial.

**2.     Use at Depositions**

Any Party asserting confidentiality of any information during a deposition shall seek agreement of the deponent on the record. If the deponent refuses to assent, disclosure of such information to the deponent during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the deponent shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

## III.     CHALLENGE TO DESIGNATIONS

**1.     Requirement to Confer Informally**

If any Party or non-party wishes to challenge the confidentiality designation of any Designated Material, the following procedure shall apply:

[PROPOSED] STIPULATED PROTECTIVE ORDER (NO. 2:12-CV-00203-JCC) – 4

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Counsel for the objector shall serve on the Designating Party a written objection to such designation which shall describe with particularity the Designated Material in question and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within 45 days, and shall state with particularity the grounds for the challenged designation. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

If the Designating Party makes a timely response to an objection, counsel for the objector and counsel for the Designating Party (and any other interested persons) shall then confer in good faith in an effort to resolve the dispute. That conference shall take place as soon as practicable, but not later than 7 days after the Designating Party responds to the objection.

## 2. Seeking Court Intervention

If a dispute regarding a designation cannot be resolved by negotiations among the Parties and other interested persons, the Designating Party shall present the dispute to the Court. Before filing a formal motion regarding the challenged designation, the Designating Party shall present the dispute to the Court by telephone, in accordance with the Court's Order Regarding Discovery and Depositions (Dkt. 7). The Designating Party must present the dispute to the Court as soon as practicable, but not later than 7 days after the conference required by the preceding paragraph. Failure to present the dispute to the Court in the time permitted by this § III.2 shall render the challenged designation void.

## 3. Treatment of Designated Material Pending Resolution of a Dispute

Designated Material that is the subject of a dispute shall be treated as originally designated pending resolution of the dispute.

[PROPOSED] STIPULATED PROTECTIVE
ORDER (NO. 2:12-CV-00203-JCC) – 5

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## IV. OTHER PROVISIONS

### 1. Filing Under Seal

No Party or non-party may file in the public record any Designated Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons that allows the Designated Material to be filed under seal.

A Party or non-party seeking to file Designated Material must file a motion in conformance with Local Civil Rule 5(g) asking for permission to file the Designated Material under seal.

A Party or non-party seeking to file Designated Material under seal shall inform the Designating Party of the filing party's intent to file Designated Material under seal at least 24 hours in advance of any such filing. That notice shall be in writing and shall describe the Designated Material the filing party intends to file.

### 2. Third-Party Requests

In the event any Party or non-party having possession, custody or control of any Designated Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of Designated Material (a "Third-Party Request"), the Party or non-party who receives the Third-Party Request shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority:

    **a.** Promptly, and in any event within 5 days of receiving the Third-Party Request, give written notice of the Third-Party Request to the Designating Party;

    **b.** Furnish the Designating Party with a copy of the Third-Party Request; and

    **c.** Cooperate with respect to all reasonable and legitimate procedures and requests for relief pursued by the Designating Party.

The Designating Party shall have the burden of defending against a Third-Party Request. The Party or non-party who receives a Third-Party Request shall be entitled to comply with it

[PROPOSED] STIPULATED PROTECTIVE
ORDER (NO. 2:12-CV-00203-JCC) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

82544-0001/LEGAL24106510.1

except to the extent the Designating Party is successful in obtaining an order modifying or quashing the Third-Party Request.

The Party or non-party who receives a Third-Party Request shall not produce any Designated Material pending the resolution of any dispute regarding that Designated Material, provided, however, that the Party or non-party who receives a Third-Party Request is not required to expose itself to sanctions, an order of contempt, or a similar penalty. Nothing herein shall require any Party or non-party to disregard or violate any order or direction of any governmental authority.

**3.     Return of Documents**

Upon completion of the litigation, the original and all copies of all Designated Material must be returned to the Designating Party or destroyed. Receiving Parties must provide to Designating Parties a certificate reflecting such disposition. The Parties and their counsel will not be required to return any Material that was admitted into evidence at trial or that contains privileged communications or work product.

**4.     Scope**

Nothing in this Stipulated Protective Order restricts any Party or non-party from using or disclosing its own Confidential Material or Confidential/Restricted Material for any purpose. This Stipulated Protective Order also does not apply to information that was lawfully in the possession of a Party or non-party or in the public domain before the date of this Stipulated Protective Order.

**5.     Jurisdiction**

The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing the Stipulated Protective Order. The Stipulated Protective Order shall survive the termination of this action.

[PROPOSED] STIPULATED PROTECTIVE ORDER (NO. 2:12-CV-00203-JCC) – 7

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**6.       Application to Court**

This Stipulated Protective Order is without prejudice to the right of any interested person to apply to the Court for an order permitting the disclosure of any Designated Material or to apply for an order modifying or limiting this Stipulated Protective Order in any respect.

PRESENTED BY:

/s/ Timothy Cornell
TIMOTHY CORNELL
BBO # 654412
PERRY, KRUMSIEK & JACK, LLP
101 Arch Street
Boston, MA 02110
(616) 720-4300
tcornell@pkjlaw.com

Attorney for Plaintiff

/s/ Christina T. Sherman
CHRISTINA T. SHERMAN
WSBA No. 35964
OLIVE BEARB PLLC.
1218 3rd Ave., Suite 1000
Seattle, WA 98101
(206) 629-9909
christina@olivebearb.com

Attorney for Plaintiff

/s/ Ryan Spear
Ryan Spear, WSBA No. 39974
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: RSpear@perkinscoie.com

Attorneys for Defendant
Chemat Technology, Inc.

**SO ORDERED** this 9th day of August 2012.

*[signature: John C. Coughenour]*

JOHN C. COUGHENOUR
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE
ORDER (NO. 2:12-CV-00203-JCC) – 8

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**EXHIBIT A**

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EYE CARE OF SNOHOMISH, INC., | No. 2:12-cv-00203-JCC |
| Plaintiff, | UNDERTAKING |
| v. | |
| CHEMAT TECHNOLOGY, INC., d/b/a CHEMALUX, INC., | |
| Defendant. | |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order in this case and have carefully read and understand its provisions. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Stipulated Protective Order, any information designated "Confidential Material" or "Confidential/Restricted Material" or any words, substances, summaries, abstracts, or indices of designated information, and copies

STIPULATED PROTECTIVE ORDER (NO. 2:12-
CV-00203-JCC) – 1

thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

5.  I hereby consent to be subject to the personal jurisdiction of this Court in respect to any proceeding relating to the enforcement of the Stipulated Protective Order, including any proceedings relating to contempt of Court.

DATED this _____ day of _____, 20__.

_____
*[Typed Name]*

[PROPOSED] STIPULATED PROTECTIVE
ORDER (NO. 2:12-CV-00203-JCC) – 2

82544-0001/LEGAL24106510.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify that on August 8, 2012, I caused the foregoing [Proposed] Stipulated Protective Order to be served on the following attorney(s) of record by the method(s) indicated:

**Timothy Cornell**
tcornell@pkjlaw.com

**Christina T. Sherman**
christina@olivebearb.com

___ Via hand delivery
___ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
_X_ Via CM/ECF

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of August, 2012.

/s/ Ryan Spear
Ryan Spear, WSBA No. 39974
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  RSpear@perkinscoie.com

Attorneys for Defendant
Chemat Technology, Inc.

[PROPOSED] STIPULATED PROTECTIVE ORDER (NO. 2:12-CV-00203-JCC) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

82544-0001/LEGAL24106510.1